In re DIAMOND.

(District Court, N. D. Alabama, N. D.    January 9, 1908.)

No. 1,290.

1. PROPERTY—POSSESSION.

Possession of personal property is prima facie evidence of ownership.

2. HUSBAND AND WIFE—PROPERTY OF WIFE—OWNERSHIP OF HUSBAND.

Where a wife's ownership of certain personal property was only collaterally in question in a proceeding for the allowance of exemptions to her bankrupt husband out of other property against the creditors' claim that the husband was not entitled to exemptions because he had concealed the property alleged to belong to the wife by not including the same in his schedule, the common-law rule that the property, though purchased with the earnings of the wife and children, belonged to the husband, was inapplicable.

3. BANKRUPTCY—EXEMPTIONS OF BANKRUPT—SELECTION OF PROPERTY.

Under the Alabama law entitling a debtor to select from the body of his property such as he desires to claim exempt, it was no answer to a bankrupt's claim for exemptions out of property other than household goods, etc., alleged to belong to his wife, that such goods were in fact his property and that he had failed to schedule them, since, if such were the fact, the property so omitted might be subjected to the claims of the creditors in a direct proceeding for that purpose.

4. SAME—CONCEALMENT OF PROPERTY.

Where household goods claimed to have been purchased with the earnings of a bankrupt's wife and children were claimed both by her and the bankrupt to be her property, the bankrupt's failure to schedule the same did not constitute a concealment thereof, precluding an allowance of exemptions to him from other property, though such goods may have belonged to him as a matter of law.

In Bankruptcy. Petition for review of order of referee allowing exemptions.

E. W. Godbey, for petitioners.
Wert & Lynne, for bankrupt.

HUNDLEY, District Judge. This is an appeal from the decision of the referee in bankruptcy, allowing the bankrupt certain property set aside by the trustee as exempt. The contention is here made that the bankrupt is not entitled to have this property set aside as exempt, because there was certain property, to wit, certain household goods, which were not included in the schedule of his property. The bankrupt denied ownership of this property, and it is claimed by the wife of the bankrupt to be her property. It is further contended that the property is not the property of the wife, but of the bankrupt, and hence the bankrupt has concealed this property from his creditors. The proof that the title is in the wife is, in substance, that she purchased this property with the proceeds of her own labor and that of her children, some of whom were sui juris, and that part of it was given to her by her husband; some of this property having been acquired by her some six or eight years ago, while she was in Chicago, Ill. A lengthy and exhaustive argument is presented to sustain the contention that the earnings of the wife and children belong under the common law to the father, and, inasmuch as these household goods were purchased with these earnings, they are in law the property of the bank-

rupt, and that, because the bankrupt failed to include them in his schedule, therefore he is guilty of concealing property subject to the claim of his creditors. While it may be true that, when the title to property purchased in another state is attacked, it may be incumbent upon the person seeking to sustain his title to show, not only how he obtained his title, but the law of the state in which he resided at the time the property was purchased, and in the absence of such a showing it will be presumed that the common law prevailed in the state at the time the property was purchased.

The mistake which the counsel for the petitioner makes in the case at bar is that this presumption of the common law prevailing in the state of Illinois is not applicable to the issue here presented. It may possibly be that, in a proceeding to subject the household goods claimed by Mrs. Diamond to the satisfaction of her husband's debts, it might become necessary, to sustain her title thereto, for her to show that at the time she purchased the goods in Illinois with the earnings of herself and children, and at the time the husband gave her the goods in that state, such transaction vested in her the legal title under the statutes of Illinois, and, on her failure to prove what the statutes of that state were at the time of the obtaining of her title, that the common-law rule would prevail against her. It must be remembered, however, that the title of Mrs. Diamond to this property is not directly in issue in the case at bar; but the sole question in issue is whether or not the bankrupt has concealed his own property from his creditors. The proof shows without conflict that Mrs. Diamond is in possession of the property. Possession of personal property is prima facie evidence of ownership. The proof shows, further, that she and her children purchased the property, with the exception of that which was given her by her husband. In this proceeding her title is only brought in question indirectly, and the doctrine of the common-law rule cannot be applied in this case. Again, every citizen of Alabama has the right to select from out the body of his property such property as he desires to be claimed as exempt. This the bankrupt has done, and he has not claimed that property which his wife claims to be her own. If in fact or in law the wife does not own the household property referred to, but in fact or in law it is the property of the bankrupt, then that property belongs to the bankrupt, and may be subjected to the debts of his creditors by proper direct proceedings for this purpose.

But this court is not justified in holding, on the evidence presented, that the bankrupt has concealed any property from his creditors; for he states, in apparent good faith, that the property averred to have been concealed is in fact the property of his wife, and is not his. He may, perhaps, as matter of law, be mistaken as to the title of the wife, and yet in absolute good faith may so consider the property to belong to the wife, free from all liabilities for his debts, as is provided under the Constitution and laws of Alabama, in which state they were both residing at the time of the commencement of this proceeding. This would be far from establishing the fact that he was concealing the property from his creditors. There is no evidence that he concealed, or attempted to conceal, anything. He simply did not include in his schedule property in the possession of his wife, and which both he and

his wife swear is her property. For aught this evidence shows, this property was never even claimed by the bankrupt. The common law may or may not prevail in the state of Illinois, and the statutes of Illinois may in fact be such as not to confer any title whatever upon the wife of the bankrupt; but this is a question only to be tested in a direct proceeding attacking the title of the wife, and is not involved in a proceeding to show a concealment, under the purview of the bankrupt law, on the part of the bankrupt.

I am of the opinion that under the evidence presented, and for the reasons above stated, the petitioners have failed to establish the fact that the bankrupt has concealed any property from his creditors which can be subjected to the payment of his debts. The reasoning upon which the referee arrives at his conclusion is erroneous; but, for the reasons stated herein, the action of the referee in allowing the property chosen by the bankrupt to be set aside as exempt is affirmed.